

# NUMBER 13-21-00102-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DIXIE WALRATH DETURK,                                          Appellant,

v.

JAMES LOREN WALMER,                                          Appellee.

## On appeal from the 332nd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Dixie Walrath Deturk appeals the trial court's order sustaining appellee James Loren Walmer's special appearance and dismissing Deturk's petition for lack of personal jurisdiction over Walmer. By a single issue, Deturk argues the trial court erred because Deturk's attorney and Walmer entered into a contract that was partially

performable in Texas, which provides personal jurisdiction pursuant to Texas's long-arm statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(1). We affirm.

## I.    BACKGROUND

According to Deturk's first amended petition, she hired Walmer to represent her in Indiana, where Walmer is licensed to practice law, for a probate case related to Deturk's late husband. Around the same time, Deturk hired Texas attorney Harold Tummel[1], seeking an accounting for a related matter. Deturk alleged that Tummel and Walmer entered into an oral contract "that [Walmer] and Tummel would coordinate their efforts and activities on [Deturk]'s behalf, that [Walmer] and Tummel would share documents and other relevant evidence, and that [Walmer] and Tummel would keep each other informed of significant developments in their representations of [Deturk]."

On May 20, 2019, a hearing was scheduled in Indiana on Deturk's probate claim. Although Walmer moved for a continuance on Deturk's behalf, the Indiana trial court denied the motion and proceeded to hear the probate claim. Deturk alleges that "[Walmer] presented no evidence" in support of the probate claim, which the Indiana trial court denied with prejudice. The Indiana court held in relevant part:

> Claimant, [Deturk], fails to personally appear, but does appear by counsel. Counsel for Claimant moved to continue trial scheduled this date. Motion denied. Claimant having failed to personally appear and failing to present any evidence in support of her [c]laim this date, the [c]ourt **NOW DISMISSES** [c]laim [n]o. 1 filed July 31, 2018, with prejudice, all pursuant to I.C. 29-1-14-12.

According to Deturk, Walmer did not appeal the Indiana trial court's order on Deturk's

---

[1] Tummel represents Deturk in the present suit, as well.

behalf, which made the order "a final non-appealable judgment," creating "a res-judicata bar to [her] claims made subjects of the Texas [c]ase."

Deturk alleged that Walmer materially breached the contract with Tummel by "failing to coordinate [his] efforts and activities on [Deturk]'s behalf, with Tummel's efforts and activities on [Deturk]'s behalf," "by failing to share documents and other relevant evidence with Tummel," and "by failing to keep Tummel informed of significant developments in [Walmer]'s representation of [Deturk]." Deturk sought compensatory and exemplary damages, pre and post judgment interest, costs of court, and reasonable attorney's fees.

Walmer specially appeared, alleging that the trial court lacked personal jurisdiction over him because he "does not reside in, nor has he ever resided in, the [s]tate of Texas," "is not now, nor has he ever been, licensed to practice law in the [s]tate of Texas," "does not now engage and has not engaged in the practice of law nor in any business in Texas[,] nor committed any actionable wrong, in whole or in part, within the [s]tate of Texas," "does not maintain a place of business in Texas, and has no employees, servants, or agents within the [s]tate of Texas," "has not entered into a contract by mail or otherwise with a Texas resident which contract was performable in whole or in part within the [s]tate of Texas," and "does not recruit and has not recruited any Texas resident, either directly or through an intermediary, as an employee." *See* TEX. R. CIV. P. 120a. Walmer attached affidavits by himself and his wife, Carolyn Walmer, which affirmed that the statements in the special appearance were true and correct. Walmer also included a brief in support of his special appearance.

3

Deturk filed a response to Walmer's special appearance, which included various exhibits. Therein, Deturk argued that "[Walmer] and [Tummel] contracted to cooperate in their respective representations of [Deturk]" and that the contract required Tummel to perform his portion of that cooperation in Texas. Among the exhibits provided was an unsworn declaration by Tummel that stated "Walmer and [he] agreed that [they] could keep each other informed of significant developments in [their] respective cases, that [they] would share documents and other evidence [they] obtained on [Deturk]'s behalf, and [they] would coordinate efforts so as to avoid taking inconsistent actions to [Deturk]'s detriment." Tummel averred that Walmer sent him copies of a premarital agreement between Deturk and her late husband, which Tummel confirmed receipt via fax.

Tummel acknowledged that Walmer "did not go to law school in Texas and was never licensed to practice law in Texas," "did not profess to be familiar with Texas substantive" or "procedural law," and "did not suggest that he was associated with any attorney licensed to practice law in the [s]tate of Texas." Tummel further claimed that Walmer did not provide him with a copy of the claim filed in Indiana on Deturk's behalf, "did not discuss the [c]laim or its filing with [Tummel]," "did not ask [Tummel] for help in gathering evidence to present in the [p]robate [c]ase," "did not ask [Tummel] for any evidence," and "never asked [Tummel] to do anything on [Deturk]'s behalf."

Walmer responded, objecting to much of Tummel's affidavit as providing "conclusory opinions without any factual basis," providing legal conclusions, and incorrectly applying law to facts. Walmer further objected to Tummel's affidavit, arguing that Tummel is a material witness and Deturk's counsel in the breach of contract suit. *See*

4

TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subt. G, app. A (TEX. STATE BAR R. art. X, § 9) (prohibiting attorneys from representing a client "if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client"). Walmer otherwise argued that Tummel's affidavit supported Walmer's special appearance rather than demonstrated that the trial court possessed personal jurisdiction over him. Finally, Walmer argued that Tummel's affidavit demonstrated that all the acts described in Tummel's affidavit were unilateral acts by Tummel, not Walmer, which cannot "establish minimum contacts or constitute purposeful availment." According to Walmer, allowing the trial court to exercise jurisdiction over him under the alleged facts "would be the grossest offense to traditional notions of fair play and substantial justice."

After a hearing on Walmer's special appearance[2], the trial court sustained his objections to Tummel's affidavit and his special appearance, dismissing Deturk's case for lack of personal jurisdiction over Walmer. This appeal followed.

## II. STANDARD OF REVIEW

Whether personal jurisdiction exists over a defendant is a question of law which we review de novo. *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 66 (Tex. 2016). "The plaintiff bears the initial burden of pleading allegations that suffice to permit a court's exercise of personal jurisdiction over the nonresident defendant." *Id.* If the plaintiff meets this burden, "the defendant then assumes the burden of negating all potential bases for

---

[2] A transcript of the hearing was not provided to this Court as part of the record. *See* TEX. R. APP. P. 34.6(b).

5

personal jurisdiction that exist in the plaintiff's pleadings." *Id.* When determining whether personal jurisdiction exists as a matter of law, the trial court may be required to decide questions of fact. *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 8 (Tex. 2021). "When, as here, the trial court does not issue findings of fact and conclusions of law with its judgment, we presume all factual disputes were resolved in favor of the trial court's decision unless they are challenged on appeal." *Id.*

### III. APPLICABLE LAW

Personal jurisdiction implicates a trial court's authority to bind a particular party to a judgment. *Id.* at 8. "Texas courts may assert personal jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction and (2) the exercise of jurisdiction is consistent with federal due-process guarantees." *Id.* Among the grounds for exercising personal jurisdiction enumerated in Texas's long-arm statute is if the party is "doing business" in this state, which includes contracting "with a Texas resident and either party is to perform the contract in whole or in part in this state." TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(1). However, the Texas long-arm statute only reaches as far as federal due-process protections permit. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011); *Luciano*, 625 S.W.3d at 8.

A state's exercise of personal jurisdiction is consistent with federal due-process protections if the defendant has established "minimum contacts" with the forum state and exercising jurisdiction would "not offend 'traditional notions of fair play and substantial justice.'" *Luciano*, 625 S.W.3d at 8 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Depending on the nature and degree of the defendant's contacts with the

6

forum state, the forum state may have either general or specific jurisdiction. *Id.* General jurisdiction exists "over a nonresident defendant whose affiliations with the state are so continuous and systematic as to render it essentially the home in the forum state." *Id.* (cleaned up). Specific jurisdiction, on the other hand, "covers defendants less intimately connected with a [s]tate, but only as to a narrower class of claims." *Id.* (quoting *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021)). "The minimum contacts necessary for specific jurisdiction are established if the defendant purposefully avails himself of the privilege of conducting activities in the forum state and the suit arises out of or relates to the defendant's contacts with the forum." *Id.* at 8–9 (cleaned up). However, jurisdiction cannot turn on simply whether a plaintiff merely alleges wrongdoing, or a defendant denies wrongdoing. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 560 (Tex. 2018).

A defendant has purposefully availed himself of a state's personal jurisdiction where he deliberately engaged in significant activities within that state, such that he has received the "privilege of conducted business there." *Luciano*, 625 S.W.3d at 9 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985)). In determining whether a defendant has established minimum contacts with a forum state, "we look only to the defendant's contacts with the forum and not the unilateral activity of some third party." *Id.* (cleaned up). "On their own, numerous telephone communications with people in Texas do not establish minimum contacts . . . ." *Bell*, 549 S.W.3d at 560. "[T]he contacts relied upon must be purposeful rather than random, fortuitous, or attenuated . . . . [T]he defendant must seek some benefit, advantage[,] or profit by availing [him]self of the

7

jurisdiction." *Id.* at 599 (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 151 (Tex. 2013)).

## IV. ANALYSIS

By a single issue, Deturk argues "Walmer purposefully availed himself of resources within Texas by agreeing with Tummel to cooperate and coordinate with Tummel in representing [her]." Deturk specifically argues that

> Walmer availed himself of: (1) Tummel's license to practice law in Texas; (2) Tummel's education, training[,] and experience in Texas law; (3) Tummel's skills and experience as a Texas civil trial and appellate attorney with more than 35 years of civil trial and appellate experience; (4) Tummel's law firm's financial resources; (5) Tummel's law firm's organizational resources; and (6) Tummel's commitment to Walmer's client, to represent [Deturk]'s interests with diligence and zeal.

Deturk further specifies that

> Walmer also availed himself of: (1) the ability, through Tummel, to file and prosecute lawsuits in Texas on [Deturk]'s behalf; (2) the ability, through Tummel, to defend [Deturk] in lawsuits in Texas; (3) the ability, through Tummel, to compel persons in Texas to testify, and to compel persons in Texas to produce tangible and intangible evidence, for [Deturk]'s benefit; (4) the ability, through Tummel, to bring the power of the [s]tate of Texas to bear in litigating [Deturk]'s claims and defenses in Texas, for [Deturk]'s benefit; and (5) the ability, through Tummel, to bring the power of the United States of America to bear in litigating in Texas, when appropriate, [Deturk]'s claims and defenses, for [Deturk]'s benefit.

However, notwithstanding the trial court sustaining Walmer's objections to Tummel's affidavit, which Deturk does not challenge, there is no evidence in the record that supports Deturk's assertions. *See Luciano*, 625 S.W.3d at 9. Nothing in the record suggests the Indiana suit implicated Texas substantive or procedural law nor required the expertise or assistance of a Texas attorney. Rather, the evidence submitted reflects that Walmer's contacts with Texas were random, fortuitous, and attenuated, or otherwise

8

unilateral. *See id.*; *Bell*, 549 S.W.3d at 559. Tummel stated that Walmer did not provide Tummel a copy of the pleadings filed in Indiana, discuss the claim or its filing with him, ask him to gather or provide evidence, or ever ask him to do anything on Deturk's behalf. *See Luciano*, 625 S.W.3d at 9. The extent of Walmer's communication to Tummel involves an unknown number of phone calls and sending Tummel a copy of a premarital agreement between Deturk and her late husband. *See id.* Further, it was Tummel, not Walmer, that initiated the contact. *See id.* Lastly, Tummel acknowledged there was no fee sharing agreement between the two attorneys. *See Bell*, 549 S.W.3d at 559.

Deturk did not present any evidence that Walmer required Tummel's assistance or services in Texas that demonstrated that Walmer sought to gain some benefit, advantage, or profit. *See id.* Indeed, the evidence presented by Deturk confirms that Walmer's connections with Texas were fortuitous rather than purposeful in that his client was in Texas at the time of the suit and hired a Texas attorney to pursue a separate but tangentially related claim. *See id.* Permitting this state to exercise personal jurisdiction over Walmer under these facts would offend "traditional notions of fair play and substantial justice." *See Int'l Shoe Co.*, 326 U.S. at 316; *Brown*, 564 U.S. at 918; *Luciano*, 625 S.W.3d at 9.

Additionally, Deturk did not request findings of fact and conclusions of law from the trial court nor provide this Court with a copy of the reporter's record of the hearing. Accordingly, we must presume the trial court made all necessary findings of fact to support its conclusion, including that Walmer and Tummel did not enter an oral contract to share information for Deturk's benefit. *See Luciano*, 625 S.W.3d at 8. Deturk did not

9

put forth any other mechanism by which Texas could exercise long-arm jurisdiction over Walmer. *See Searcy*, 496 S.W.3d at 66; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(1). Thus, Walmer met his "burden of negating all potential bases for personal jurisdiction that exist in [Deturk]'s pleadings." *See Searcy*, 496 S.W.3d 66. We conclude that Texas lacks personal jurisdiction over Walmer as a matter of law. *See id.*; *Luciano*, 625 S.W.3d at 9. The trial court did not err by dismissing Deturk's suit. Deturk's sole issue is overruled.

## V.     CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
28th day of July, 2022.

10